# IN THE COURT OF APPEALS OF IOWA

No. 24-1003
Filed September 4, 2024

**IN THE INTEREST OF D.A. and G.P.,**
**Minor Children,**

**S.B., Mother,**
Appellant,

**J.G., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Richelle Mahaffey, Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Patricia J. Lipski, Washington, for appellant mother.

Jonathan Willier, Centerville, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Samuel K. Erhardt, Ottumwa, attorney and guardian ad litem for minor children.

Considered by Chicchelly, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

The mother of D.A and G.P. and the father of G.P. separately appeal the termination of their parental rights. The mother challenges the sufficiency of the evidence establishing the grounds for terminating her parental rights, that termination is in the children's best interests, and that none of the exceptions to termination apply. The father argues the State failed to make reasonable efforts toward reunification. Both parents ask for more time. Following a de novo review of each parent's claims, *see In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022), we affirm the termination of both the mother's and father's parental rights.

**I. The Mother's Appeal.**

D.A. was born in 2016 and came to the attention of the Iowa Department of Health and Human Services in August 2019 following allegations that the mother was using methamphetamine and marijuana while caring for him. The mother obtained a substance-use evaluation in January 2020. She attempted residential treatment three times during the first half of 2020 but did not remain in any for longer than one month.

In July 2020, the juvenile court adjudicated D.A. a child in need of assistance (CINA) and removed him from the mother's custody. D.A was returned to the mother's custody a month later while the mother was in residential treatment. She graduated from the program in October but relapsed by December. The mother continued to struggle with sobriety while in and out of treatment, leading the juvenile court to again remove D.A. from her custody in June 2021.

In March 2022, the mother gave birth to G.P. The child tested negative for all substances at birth, but the results of drug testing showed the mother used

marijuana and methamphetamine during her pregnancy. In December 2022, the juvenile court adjudicated G.P. a CINA based on the parties' stipulation.

G.P. remained in the mother's legal custody as the mother sought treatment, and D.A. was returned to the mother's legal custody in March 2023. But in September 2023, the mother admitted she had been using methamphetamine intravenously every three or four days since relapsing in July 2023. The juvenile court removed D.A. and G.P. from her custody.

After the mother overdosed on methamphetamine in April 2024, the State petitioned to terminate her parental rights to D.A. and G.P. Following a termination hearing in May 2024, the juvenile court terminated the mother's parental rights to D.A. under Iowa Code section 232.116(1)(f) and (*l*) (2024) and to G.P. under section 232.116(1)(h) and (*l*).

**A. Grounds for termination.**

The mother challenges the sufficiency of the evidence establishing the grounds for termination. We may affirm termination of the mother's parental rights to each child if the record supports termination on one ground found by the juvenile court. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The juvenile court terminated the mother's parental rights to D.A. under section 232.116(1)(f) and to G.P. under section 232.116(1)(h), which only differ as to the age of the child and how long the child has been removed from the parent's custody. *Compare* Iowa Code § 232.116(1)(f)(1) (applying to children age four years or older), (f)(3) (requiring removal for at least twelve of the last eighteen months), *with id.* § 232.116(1)(h)(1) (applying to children age three years or younger), (h)(3) (requiring removal for at least six of the last twelve months). Apart from

these differences, termination may be had under paragraphs (f) and (h) if clear and convincing evidence shows a child was adjudicated a CINA, removed from the parent's custody, and cannot be returned to the parent's custody without exposing the child to adjudicatory harm. *See* Iowa Code § 232.116(1)(f)(2)-(4), (h)(2)-(4). The mother challenges the finding that the children could not be returned to her custody at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the phrase "at the present time" found in section 232.116(1)(f)(4) and (1)(h)(4) to mean "at the time of the termination hearing").

Clear and convincing evidence shows the children could not be returned to the mother's custody at the time of the termination hearing. Five years have passed since D.A. came to the department's attention, and four years have passed since D.A. was adjudicated a CINA. Despite the offer of services to address her substance-use issues, the mother has struggled to maintain her sobriety even while enrolled in inpatient treatment. At the time of the termination hearing, the mother was attempting inpatient treatment for the eleventh time. She was no closer to resolving her substance-use issues at the time of the termination hearing than she was when the proceedings began. Thus, the State has proved the grounds for terminating the mother's parental rights to D.A. under Iowa Code section 232.116(1)(f) and to G.P. under section 232.116(1)(h).

**B. The children's best interests.**

The mother next contends that termination is not in the children's best interests. We analyze the children's best interests under the framework described in section 232.116(2). *See In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010).

That section requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows that termination is in the children's best interests. The time the mother has been receiving services to address her substance-use issues and her continued inability to remain sober throughout show that the mother is unable to provide the children with the safety and permanency they need. Children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). Once the statutory time periods set out in section 232.116(1) have passed, we view termination proceedings "with a sense of urgency." *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). Considering how much time has already passed, continuing to deprive the children of permanency is contrary to their best interests.

**C. Iowa Code section 232.116(3).**

The mother contends terminating her parental rights will harm both children based on the closeness of the parent-child relationship. In such cases, the statute allows the court to leave parental rights intact. *See* Iowa Code § 232.116(3)(c) (stating that the court "need not terminate the relationship between the parent and

child" if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). But "the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

Although the mother is bonded with the children, she fails to show how terminating her parental rights will hurt either child. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (noting that "the existence of a bond is not enough"). The mother fails to show that terminating her parental rights will harm D.A. or G.P. based on the closeness of the parent-child bond. She only points to the possibility that the children may not remain with their current caretakers, who are also the paternal grandparents of the children's half-sibling. She argues termination will harm these familial relationships. But the caretakers have provided care for the children throughout the CINA proceedings and want to adopt them. Terminating the mother's parental rights allows for adoption, which provides the children permanency and is preferred to long-term foster care. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (noting that the purpose of the statutory time limits in section 232.116(1) "is to prevent children from being perpetually kept in foster care and to see that some type of permanent situation is provided for the children" (citation omitted)).

In the alternative, the mother requests that we establish guardianship with the children's caretakers as another permanency option. For the same reasons that we find termination is in the children's best interests, we reject the mother's suggestion that we place the children in a long-term guardianship. *See A.S.*, 906

N.W.2d at 477 (observing that "a guardianship is not a legally preferable alternative to termination" (citation omitted)).

### D. Additional time.

Finally, the mother asks for more time to show the children can be returned to her custody. Iowa Code section 232.104(2)(b) allows the juvenile court to delay termination for as long as six months if doing so will eliminate the need for the child's removal from the parent. But before doing so, the court must state the "specific factors, conditions, or expected behavioral changes" that led the court to that determination. Iowa Code § 232.104(2)(b). The juvenile court declined to grant more time under section 232.104 because the evidence does not support finding that the children can be returned to the mother's custody in the foreseeable future. We agree. The time the mother has received to address her substance-use issues greatly exceeds the time required to terminate her parental rights to D.A. under section 232.116(1)(f)(3) and to G.P. under section 232.116(1)(h)(3). The mother was granted one six-month extension under section 232.104(2)(b), and the basis for the CINA adjudication had not resolved by the end of it. *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide). We decline to delay permanency any longer.

### E. Conclusion.

We affirm the termination of the mother's parental rights to D.A. and G.P.

### II. The Father's Appeal.

Although the department contacted the father in December 2022 to establish his paternity of G.P., the father did not provide a sample to confirm his

paternity until July 2023. The father was arrested in August and remained incarcerated throughout the remaining proceedings.

**A. Reasonable efforts.**

The father concedes that the State proved the statutory grounds for termination. On appeal, he complains that the State failed to make reasonable efforts to return G.P. to his custody. *See* Iowa Code § 232.102(6) ("If the court orders the transfer of the custody of the child to the department or other agency for placement, the department or agency shall submit a case permanency plan to the court and shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child."). But just as the State has an obligation to make reasonable efforts, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Because the father never alerted the juvenile court to any perceived deficiencies in the services he was provided before the termination hearing, he has not preserved this challenge for our review. *See id.* (concluding a parent failed to preserve reasonable-efforts challenge by failing to request different or additional services before the permanency hearing).

**B. Additional time.**

Like the mother, the father seeks more time under section 232.104(2)(b). As with the mother, we cannot find that the need for G.P.'s removal from the home will no longer exist if permanency is delayed for six months. The father is forty-three years old and has struggled with substance use since he was a teenager. He has a long criminal record related to his substance use and has spent most of

his life "locked up." Despite completing two residential treatment programs since December 2022, the father was arrested in August 2023 and pled guilty to operating while intoxicated and eluding. He testified that he would be going to a halfway house after he was released from jail, and a substance-use evaluation he completed in jail recommended inpatient treatment. Given his history, there is no reasonable likelihood that the child can be returned to the father's custody in six months.

**C. Conclusion.**

We affirm the termination of the father's parental rights to G.P.

**AFFIRMED ON BOTH APPEALS.**